**B. H. CARLTON v. ETHEL ELARBEE**

17 So. (2nd) 225                          January Term, 1944
March 21, 1944                            Special Division B
Rehearing Denied April 3, 1944

*James H. Bunch,* for appellant.

*T. Frank Landrum* and *Fielding & Duncan,* for appellee.

ADAMS, J.:

The question presented by this appeal is whether a judgment held by appellant against E. J. Dowling ever became a lien on the land in question.

The land was conveyed to E. J. Dowling by deed from his mother dated and duly filed for record in 1925. The same year Dowling reconveyed the land to his mother but this deed was not filed for record until 1941. In May of 1928 the

mother conveyed the lands to her son-in-law, Dyal, which deed was recorded in May 1931. In May of 1933, Dyal conveyed the property to his wife. This deed was recorded in March, 1934. In 1937 by deed duly executed and recorded, Mrs. Dyal and her husband conveyed the property to the appellee.

In March of 1938 appellant filed his judgment against E. J. Dowling.

In November, 1941, appellee filed a bill to remove the judgment as a cloud upon her title. She detailed the above conveyances and alleged adverse possession in herself and her predecessors in title for more than seven years. A motion to dismiss the bill was overruled and an answer was filed presenting an issue on the question of adverse possession. Testimony was taken and the chancellor found the equities with appellee on the issue of adverse possession. We have considered the evidence and see no reason to disturb his finding thereon.

It appears that before appellant filed his judgment lien the title of appellee had fully ripened by adverse possession of more than seven years under color of title. Sec. 95.16 F.S. '41, F.S.A.

We cannot agree with appellant in his contention that appellee is estopped to claim the property by adverse possession. It is significant to bear in mind that appellant extended no credit in reliance upon Dowling, the judgment debtor being the apparent record owner. Appellee and her predecessors in title were guilty of no conduct to cause appellant to rely and act to his injury or prejudice. Appellee was claiming under an unbroken chain of title. Her title and that of her predecessors fully ripened before the filing of appellant's judgment. The fact that one link in the chain of title was not recorded would not estop appellee and her predecessors in title from claiming adverse possession under color of the subsequent deeds.

The decree is affirmed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.